NEWCOMB et al. v. BURBANK et al.

(Circuit Court, S. D. New York. March 24, 1908.)

1. WRIT OF ERROR—FINAL JUDGMENT—VACATION OF JUDGMENT.
    An order setting aside a judgment and dismissing the complaint is a final order, to review which a writ of error lies.

2. SAME—CIRCUIT COURT OF APPEALS—JURISDICTION—MATTERS OF DISCRETION.
    The Circuit Court of Appeals has no power to review matters of discretion.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3811.

    Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

**3. JUDGMENT—ORDERS—VACATION.**

Where an order was entered by the trial judge setting aside a judgment and dismissing the complaint, an application to vacate such order should be made to the judge who made the original order.

Hawkins & Delafield, for the motion.
Dailey & Williams, opposed.

WARD, Circuit Judge. This is a motion to vacate an order of the trial judge dismissing the complaint and setting aside the judgment entered thereon.

Although the judgment is a final one, to which a writ of error lies, the plaintiffs can get no relief thereby, because the Circuit Court of Appeals, unlike the Appellate Division of the Supreme Court of New York, has no power to review matters of discretion. The application involves, not merely the opening of a default, but the setting aside of an order deliberately made by another judge of this court, with a knowledge of all the facts, and resulting in a final judgment. It is certainly not in the course of orderly procedure for me to do this, even if I have the power.

The plaintiffs' remedy will be to apply to the judge who made the order, or to revive the action brought by their testatrix in the Supreme Court of the state of New York, or to bring a new action.